Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Asher Bublick
for the United States Trustee
asher.bublick@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No.   24-33612-swe11** |
| **JETT HOLDINGS LLC,** | § | |
| | § | **Chapter 11** |
| *Debtor-in-Possession.* | § | |
| | § | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**

TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 (the "**United States Trustee**"),

files this Motion to Dismiss or, in the Alternative, Convert to Chapter 7 under 11 U.S.C. § 1112(b).

In support, the United States Trustee would show:

**SUMMARY**

Cause exists to dismiss this case because Debtor has failed to: (1) provide the United States

Trustee with 2021 tax return; (2) provide the United States Trustee with sufficient proof insurance

for its four real properties; (3) provide the United States Trustee with current rent rolls for the real

properties; (4) provide the United States Trustee with list of current and pending legal proceedings

involving Debtor and/or Debtor's Member (Mr. Garrett Johnson); (5) file motion to employ Adam

Baruch of Blocks Private Lending; (6) pay $250.00 in United States Trustee quarterly fees for Q4

2024;  and (7) file monthly operating report for February 2025. In the alternative, cause exists to

convert this case to chapter 7.

## JURISDICTION

1.     The bankruptcy court has jurisdiction to determine this matter under 28 U.S.C. §§ 157(a) and 1334 and the order of reference of the United States District Court for the Northern District of Texas.

2.     A motion to dismiss or to convert is a core matter. 28 U.S.C. § 157(b)(2)(A), (O).

## FACTS

### *Background*

1.     Jett Holdings LLC ("**Jett Holdings**" or "**Debtor**") filed its voluntary chapter 11 petition in the United States Bankruptcy Court for the Northern District of Texas on November 6, 2024. [ECF No. 1].

2.     Debtor's petition was signed by Garrett Johnson ("**Mr. Johnson**"), as Member of Jett Holdings.[1]

3.     Debtor owns four real properties:

a.  A single-family home on a 1.31-acre lot in Oklahoma that has one bedroom and one bathroom at 8641 Lake View Dr, Kingston, OK 73439 (the "**8641 Property**"). *See* Realtor.com, *8641 Lake View Dr, Kingston, OK 73439*, https://www.realtor.com/realestateandhomes-detail/8641-Lake-View-Dr_Kingston_OK_73439_M71256-46516 (last visited March 25, 2025).

b.  A 1.59-acre lot in Oklahoma at 8653 Lake View Dr, Kingston, OK 73439 (the "**8653 Property**"). *See* Realtor.com, *8653 Lake View Dr, Kingston, OK 73439*, https://www.realtor.com/realestateandhomes-detail/8653-Lake-View-Dr_Kingston_OK_73439_M81629-98473 (last visited March 25, 2025).

c.  A single-family home on a 2.22-acre lot in Oklahoma that has 3 bedrooms and 2 bathrooms at 8683 Lake View Dr, Kingston, OK 73439 (the "**8683 Property**"). *See* Realtor.com, *8683 Lake View Dr, Kingston, OK 73439*, https://www.realtor.com/realestateandhomes-detail/8683-Lake-View-

---

[1] Mr. Johnson recently signed the petition for Marina Del Rey, L.L.C. as "Sole Member/Manager" (case No. 25-30909-sgj11). In that case, the United States Trustee moved for emergency dismissal as debtor's lease of a marina on Lake Texoma and insurance policies lapsed and no property insurance has been provided to the United States Trustee.

**UNITED STATES TRUSTEE'S MOTION TO DISMISS OR,**                                                                    **Page 2**
**IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**

Dr_Kingston_OK_73439_M81625-88547 (last visited March 25, 2025).

    d. A single-family home on a 22-acre lot in Oklahoma at 8314 Highway 70B, Kingston, OK 73439 (the "**8314 Property**"). *See* Realtor.com, *8314 Highway 70B, Kingston, OK 73439*, https://www.realtor.com/realestateandhomes-detail/8314-Highway-70B_Kingston_OK_73439_M81063-91506 (last visited March 25, 2025).

4. On November 27, 2024, the United States Trustee conducted its Initial Debtor Interview (the "**IDI**") with Debtor.

5. The meeting of creditors was commenced by the United States Trustee on December 16, 2024, and was adjourned to January 9, 2025.

6. The first continued meeting of creditors did not proceed on January 9, 2024 as it was designated a national day of mourning for the late President Jimmy Carter, and was adjourned again to January 13, 2025.

7. The second continued meeting of creditors was held on January 13, 2025, and was adjourned again to February 10, 2025 as Debtor failed to provide timely notice of the meeting of creditors.

8. The third continued meeting of creditors was held and concluded on February 10, 2025.

***Debtor's Schedules and Statement of Financial Affairs***

9. Debtor's sole assets are:

    a. The 8641 Property, which the Debtor has valued at $2,350,000.00. *See* [Schedule A/B at Question 55.1, ECF No. 26].

    b. The 8653 Property, which the Debtor has valued at $2,810,000.00. See [Schedule A/B at Question 55.2, ECF No. 26].

    c. The 8683 Property, which the Debtor has valued at $3,900,000.00. See [Schedule A/B at Question 55.3, ECF No. 26].

    d. The 8314 Property, which the Debtor has valued at $1,300,000.00. See [Schedule A/B at Question 55.4, ECF No. 26].

10.    Debtor's liabilities consist of a $3,200,000.00 claim secured by "Real Estate" held by Texas Republic Bank, N.A. and an unsecured nonpriority claim held by Michael S. Linscott in an amount unknown for attorney fees. *See* [Schedules D, E/F, ECF No. 13].

11.    Debtor has no income. *See* [Statement of Financial Affairs at Part 1, ECF No. 1].

### *Administrative Deficiencies*

12.    After the IDI, the United States Trustee sent Debtor's counsel a follow-up email on November 20, 2024, requesting that Debtor promptly address the following outstanding issues:

Documents

    a.  Provide a completed and signed *Chapter 11 Administrative Obligations Acknowledgment of Receipt* form;

    b.  Provide the following IDI documents:

        a.  *Information for Initial Debtor Interview* form;

        b.  *Statements Regarding Compliance with 11 USC § 345(b)* form, i.e., the DIP Bank Designation form; and

        c.  *Direction of Debtor Attorney Concerning U.S. Trustee Contact with Client* form, i.e., the *McDade Authorization* form;

        d.  *Group/Pension Information* form.

    c.  Provide copies of the last two filed tax returns;

    d.  Provide a copy of the LLC Company Agreement;

    e.  Provide a list of Debtor's assets, including real estate holdings, and current valuation.

    f.  Provide name of broker the Debtor has engaged to find replacement financing for Texas Republic Bank (Secured Creditor);

    g.  Provide list of current and pending legal proceedings involving Debtor and/or Debtor's Member (Mr. Garrett Johnson);

Insurance

    h.  Provide the following proofs of insurance:

    i.   Commercial General Liability;

    ii.   Property;

    iii.   Auto (property and liability)

    iv.   Worker's Compensation; and

    v.   Evidence that the United States Trustee has been added to the insurance policies for notice purposes;

Bank Accounts

    i.   Close pre-petition bank account(s) and transfer balance(s) to DIP account(s);

    j.   Provide closing statement(s) for pre-petition bank account(s);

    k.   Convert pre-petition bank account(s) to DIP account(s);

    l.   Provide a voided check, bank statement, or other bank document that shows the full bank account number of the DIP account (e-mailed versions are acceptable);

Court Documents

    m.   File the certificate of service for noticing the 341(a) meeting of creditors with the Court;

    n.   File the remaining schedules and SOFA by the extended deadline of 12/04/24;

    o.   File a copy of the most recent balance sheet, statement of operations (i.e., income statement or profit & loss report), and cash flow statement or a statement as required in small business and subchapter V cases (due with the filing the petition); and

    p.   Complete *Official Form 202 Declaration Under Penalty of Perjury for Non-Individual Debtors* for the bankruptcy schedules when filed with the court.

13.    On December 10, 2024, January 14, 2025, February 5, 2025, February 7, 2025, February 10, 2025, and March 11, 2025, the United States Trustee requested an update from Debtor on resolving the outstanding issues.

14.    As of this filing, Debtor has failed to:

---

a.  provide the United States Trustee with copies of the 2021 tax return filed by the Debtor or confirm to the United States Trustee that Debtor did not file its own separate return for 2021;

b.  provide the United States Trustee with proof of property and general liability insurance for the 8314 Property;

c.  provide the United States Trustee with sufficient property insurance coverage for the 8641 Property, 8653 Property, and 8683 Property to reflect the values on the schedules or provide an explanation as to why there is a such a discrepancy;[2]

d.  provide the United States Trustee with current rent rolls for the real properties;

e.  provide the United States Trustee with list of current and pending legal proceedings involving Debtor and/or Debtor's Member (Mr. Garrett Johnson).

f.  file motion to employ Adam Baruch of Blocks Private Lending; and

g.  pay $250.00 in United States Trustee quarterly fees for Q4 2024, which are delinquent as of February 1, 2025.

h.  file monthly operating report for February 2025.

## LEGAL ANALYSIS

### A.  *General discussion of burdens when dismissal or conversion is sought:*

15.    Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . .." 11 U.S.C. § 1112(b)(1).  Under § 1112(c), a court cannot convert a case to chapter 7 if the debtor is a non-profit corporation, but a court must still dismiss the case if cause is established. *Id.* § 1112(c).

---

[2] Below is a summary of the property insurance received by the United States Trustee thus far from the Debtor:

| Property | Schedule A/B Value [ECF No. 26] | Property Coverage | Land Portion (per Marshall CAD) | Shortage |
|---|---|---|---|---|
| 8641 Property | $2,350,000 | $158,000 | $1,000,000 | ($1,192,000) |
| 8653 Property | $2,810,000 | $788,000 | $1,000,000 | ($1,022,000) |
| 8683 Property | $3,900,000 | $357,000 | $1,000,000 | ($2,543,000) |
| 8314 Property | $1,300,000 | *Not Provided* | $176,000 | |

16.     Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010). If cause is established, the burden shifts to the debtor to prove that he or she falls within the §1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

**B.** ***Cause exists to dismiss this case because Debtor has failed to cooperate with the United States Trustee***

17.     Cause exists for dismissal when a debtor fails to file required documents, fails to maintain appropriate insurance that poses a risk to the estate, or fails to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(C), (F), (H).

18.     Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

19.     The United States Trustee's *Guidelines for Chapter 11 Cases* in the Northern & Eastern Districts of Texas - Region 6 require debtors to file monthly operating reports and provide various documents to the United States Trustee, including proof of insurance coverage. *See* U.S. Dep't of Just., Guidelines for Chapter 11 Cases: Operating Instructions and Reporting Requirements (the "**Guidelines**"), https://www.justice.gov/usdoj-media/ust/media/1337916/dl?inline (Feb. 8, 2024) at §§ VI, VII, XII.

**a. Failure to maintain adequate insurance**

20.     Cause exists for dismissal when a debtor fails "to maintain appropriate insurance that poses a risk either to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C). The Supreme

---

**UNITED STATES TRUSTEE'S MOTION TO DISMISS OR,**                                                                 **Page 7**
**IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**

Court has held that the estate may be liable for any damages resulting from negligence. *Reading Co. v. Brown,* 391 U.S. 471, 481 (1968). While *Reading Co. v. Brown* was decided under the old Bankruptcy Act, the Fifth Circuit has more recently cited to this case to support the principle that the estate may be liable for administrative costs incurred through a trustee's failure to act. *See, e.g., Texas v. Lowe (In re HLS Energy Co.)*, 151 F.3d 434 (5th Cir. 1998) (bankruptcy estate liable for costs state incurred when trustee did not plug wells).

21.     As of the time of this filing, Debtor has failed to provide the United States Trustee with proof of property and general liability insurance for the 8314 Property and has failed to provide sufficient proof of property insurance for the 8641 Property, 8653 Property, and 8683 Property.

22.     The Guidelines require debtors to "maintain and provide the United States Trustee with sufficient proof of adequate insurance that protects both the assets of the estate and the public during the pendency of the case." Guidelines at § VII. "What is deemed adequate will depend upon the facts and circumstances of each case, but typically at least property insurance for all tangible assets . . . and general liability insurance will be required. *Id.*

23.     Cause exists to dismiss this case because Debtor has not provided sufficient proof of insurance coverage to the United States Trustee for all of its real properties.

### b. Failure to file broker's employment application and required reports

24.     Cause exists for dismissal when there is "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(F).

25.     Section 327(a) of the code provides that "[e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants,

appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

26.     The Guidelines incorporate 327(a) and require debtors to not employ or pay any professionals without a court order (e.g., attorneys, accountants, realtors, appraisers, business consultants, etc.). Guidelines at § XIV. Applications to employ these persons should be filed with the Bankruptcy Court promptly after the filing of a debtor's case and should conform to the requirements of the Bankruptcy Code. *Id.* (citing 11 USC § 327, FED. R. BANKR. P. 2014, L.B.R).

27.     As of this filing, Debtor has failed to file an employment application for Adam Baruch of Blocks Private Lending, who Debtor engaged to find replacement financing for Texas Republic Bank. It is unclear if Adam Baruch or Blocks Private Lending are currently performing any services for the Debtor, or intending to seek compensation for any services provided.

28.     The Guidelines require debtors to file monthly operating reports ("**MORs**") detailing a debtor's financial condition and status of operations. Guidelines at § XII. The MORs must be filed even if no financial activity occurred during a reporting period. *Id.* Debtors must file all MORs no later than the 21st day of the month following the end of the period covered by the report. *Id.* Failure to file the MORs timely and properly is cause for conversion or dismissal of the case. *Id.* (citing 11 USC § 1112(b)(4)(F), (H)).

29.     As of this filing, Debtor's MOR for February 2025 has not been filed and is now past due.

30.     Cause exists to dismiss this case because Debtor has not filed an employment application for its broker and an MOR for February 2025.

c.   **Failure to pay United States Trustee quarterly fees**

31. Cause exists for dismissal when a debtor fails to "pay any fees or charges required under chapter 123 of title 28." 11 U.S.C. § 1112(b)(4)(K).

32. A quarterly fee must be paid to the United States Trustee in each case under chapter 11 (except small business cases under subchapter V) for each calendar quarter, or portion thereof, between the date a bankruptcy petition is filed and the date the court enters a final decree closing the case, dismissing the case, or converting the case to another chapter. *See* 28 USC § 1930(a)(6). "The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed." *Id.*

33. Debtors "must pay, in full when due, all obligations arising after the filing of the petition. . . [t]his includes statutory quarterly fee payments to the United States Trustee." Guidelines at § III(C).

34. As of this filing, Debtor has not paid the United States Trustee quarterly fees for Q4 (as estimated) in the amount of $250.00.

35. Cause exists for dismissal because of Debtor's failure to pay United States Trustee fees due under chapter 123 of title 28.

> **d. Failure to provide information reasonably requested by the United States Trustee.**

36. Cause exists for dismissal when a debtor fails to timely to provide information or attend meetings reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(H).

37. Debtors and their attorney must attend the initial debtor interview that is scheduled by the United States Trustee shortly after filing your bankruptcy petition and prior to the meeting of creditors. Guidelines at § VI. Debtors must print, complete, and bring certain documents to the IDI. *Id.* If attending telephonically, Debtors will need to provide those documents to the Bankruptcy Analyst/Auditor conducting the interview at least two days before the interview has

been scheduled. *Id.* All forms requested for the IDI are available on the United States Trustee's website at www.justice.gov/ust/r06/reg_info.htm under "Initial Debtor Interview (IDI) Information" and must be completed beforehand as no time will be allotted for this task during the meeting. *Id.*

38.    The required IDI documents include:

☐ *Obligations of Chapter 11 Cases Acknowledgement of Receipt* (to be signed at the IDI).

☐ *Information for Initial Debtor Interview*, i.e., IDI Information Worksheet.

☐ *Sufficient proof of insurance coverage*. See INSURANCE REQUIREMENTS.

☐ *Statements Regarding Compliance with 11 USC § 345(b)*, i.e., DIP Bank Designation form. See BANK ACCOUNT REQUIREMENTS.

☐ A voided check, bank statement, or other bank documentation that contains the full account number for each DIP bank account and proof that all pre-petition accounts were closed. See BANK ACCOUNT REQUIREMENTS.

☐ *Direction of Debtor Attorney Concerning U.S. Trustee Contact with Client*, i.e., McDade Authorization form. See COMMUNICATION WITH REPRESENTED PARTIES.

☐ *Group/Pension Information Form* (must be completed even if not applicable).

☐ Copies of the two most recently filed tax returns (note that attachments sent via e-mail are limited to 10MB in total size).

☐ Chart of Accounts, Listing of Accounts, or General Ledger (if available)

☐ If you are an entity that is indirectly or directly affiliated, related, or shares common ownership with other entities (a "layered" entity structure, for example), you must provide us with an entity flowchart or detailed statement that explains the relationship. Clearly identify non-debtor and debtor entities and provide federal identification numbers (FEINs).

☐ Other documents reasonably requested by the United States Trustee.

Guidelines at § VI.

39.    The United States Trustee has repeatedly requested that Debtor address its outstanding administrative obligations.

40.    As of this filing, Debtor has failed to:

a. provide the United States Trustee with copies of the 2021 tax return filed by the Debtor or confirm to the United States Trustee that Debtor did not file its own separate return for 2021;

b. provide the United States Trustee with proof of property and general liability insurance for the 8314 Property;

c. provide the United States Trustee with sufficient property insurance coverage for the 8641 Property, 8653 Property, and 8683 Property to reflect the values on the schedules or provide an explanation as to why there is a such a discrepancy;

d. provide the United States Trustee with current rent rolls for the real properties;

e. provide the United States Trustee with list of current and pending legal proceedings involving Debtor and/or Debtor's Member (Mr. Garrett Johnson).

f. file motion to employ Adam Baruch of Blocks Private Lending; and

g. pay $250.00 in United States Trustee quarterly fees for Q4 2024, which are delinquent as of February 1, 2025.

h. file monthly operating report for February 2025.

41. Cause exists to dismiss this case because Debtor has failed to provide information reasonably requested by the United States Trustee.

### *In the alternative, this case should be converted to chapter 7*

42. If the Court determines that dismissal is not in the best interests of creditors or the estate, then this case should be converted to chapter 7. *See* 11 U.S.C. § 1112(b)(1).

### CONCLUSION

Wherefore, the United States Trustee respectfully requests that the Court enter an order dismissing this case. In the alternative, the United States Trustee respectfully requests that the

Court convert this case to chapter 7. The United States Trustee also requests any other relief to

which she may be entitled.

Dated: March 26, 2025                              Respectfully submitted,

                                          LISA L. LAMBERT
                                          UNITED STATES TRUSTEE

                                          */s/ Asher M. Bublick*
                                          Asher M. Bublick
                                          Texas State Bar No. 24113629
                                          Office of the United States Trustee
                                          1100 Commerce Street, Room 976
                                          Dallas, Texas 75242
                                          (214) 767-8967
                                          asher.bublick@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on March 26, 2025, that I conferred with Debtor's counsel, Joyce Lindauer, regarding the relief sought herein. Ms. Lindauer expressed that Debtor is unopposed to dismissal.

*/s/ Asher M. Bublick*
Asher M. Bublick

## CERTIFICATE OF SERVICE

I certify that on March 26, 2025, that I sent a copy of the forgoing document via ECF and via first class United States mail to the following and the attached service list:

*/s/ Asher M. Bublick*
Asher M. Bublick

Mark Douglas Winnubst
Sheils Winnubst PC
1100 Atrium II,1701 N. Collins Blvd.
Richardson, TX 75080

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street,Suite 500
Dallas, TX 75202

Label Matrix for local noticing
0539-3
Case 24-33612-swe11
Northern District of Texas
Dallas
Wed Mar 26 10:17:40 CDT 2025

Jett Holdings LLC
3536 Rosedale Ave.
Dallas, TX 75205-1226

Texas Republic Bank, N.A.
2925 Preston Road
Suite 100
Frisco, TX 75034

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

Attorney General of Texas
Bankruptcy Division
P O Box 12548
Austin, TX 78711-2548

Darrell Stovall
PO Box 640
Kingston, OK 73439-0640

Douglas Elliott
Assistant District Attorney
Marshall County Oklahoma
100 Plaza, Suite 206
Madill, OK 73446-2273

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Mail Code DAL-5020
1100 Commerce Street
Dallas, Texas  75242-1100

Linebarger Goggan Blair & Sampson
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207-2328

Matt Mickle
Mickle Law Offices
323 W. Main Street
Durant, OK 74701-5024

Michael S. Linscott
Doerner, Saunders, Daniel & Anderson LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, OK 74103-3117

(p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION
PO BOX 13528
AUSTIN TX 78711-3528

Texas Republic Bank, N.A.
c/o David G. Mordy
David G. Mordy, PLLC
310 West Main St., Suite 301
Ardmore, OK 73401-6323

Texas Republic Bank, N.A.
c/o Ron Corcoran
2595 Preston Road, Suite 100
Frisco, Texas 75034-9081

Texas Workforce Commission
101 East 15th Street
Austin, TX 78778-0001

U. S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

U. S. Trustee's Office
1100 Commerce Street
Room 976
Dallas, TX 75242-1011

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

(p)JOYCE W  LINDAUER ATTORNEY  PLLC
1412 MAIN STREET
SUITE 500
DALLAS TX 75202-4042

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Texas Comptroller of Public Accounts
Revenue Accting Div - Bankr Section
PO Box 13528
Austin, TX 78711-3528

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Joyce W. Lindauer Attorney, PLLC

End of Label Matrix
Mailable recipients    19
Bypassed recipients     1
Total                  20